G. & K. MANUFACTURING CO. *v.* HELVERING, COMMISSIONER OF INTERNAL REVENUE.

No. 187. Argued November 20, 1935.—Decided December 16, 1935.

*Mr. Llewellyn A. Luce* for petitioner.

*Mr. J. Louis Monarch,* with whom *Solicitor General Reed, Assistant Attorney General Wideman,* and *Messrs. James W. Morris* and *Sewall Key* were on the brief, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

The petitioner contests the validity of a deficiency assessment for 1929 income taxes. It maintains that the transaction out of which the alleged gains arose amounted to a reorganization within the intendment of § 112 (i) (1) (A), Revenue Act, 1928.†

The court below was of opinion that the transaction involved amounted to a sale of the assets and business of the taxpayer. In November, 1929, petitioner transferred what the Board of Tax Appeals seems to have assumed was substantially all of its assets to the Kraft-Phenix Cheese Corporation and received therefor $200,000 in cash and 17,250 shares common stock of the purchaser, then worth possibly thirty dollars per share. After the trans-

---

† Margin of opinion in *Helvering* v. *Minnesota Tea Co., ante,* p. 378.

fer, the taxpayer remained in existence and continued to do business. It also retained assets of undisclosed value, namely, shares of certain subsidiary corporations and some other property. If the claim of the taxpayer that the transfer included substantially all its property is correct, then we think what was done amounted to a reorganization within the statute. The facts in respect of this were not found by the Board of Tax Appeals, and the cause must be returned there in order that the omission may be supplied. The mere fact that the taxpayer and its subsidiaries continued actively in business would not defeat the claim of reorganization. The ownership of the stock in the Kraft-Phenix Cheese Corporation gave the taxpayer a substantial and continuing interest in the affairs of that corporation.

The judgment of the court below is reversed. The cause will be remanded to the Circuit Court of Appeals with direction to that Court to remand the case to the Board of Tax Appeals for determination of the value of the retained assets and such further proceedings as may be necessary.

*Reversed.*