JOHN R. THOMPSON SECURITIES CORPORATION, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51765.   Promulgated February 6, 1936.

*Edward H. McDermott, Esq., John L. Hopkins, Esq., Ellsworth
C. Alvord, Esq., Charles C. Parker, Esq.,* and *O. John Rogge, Esq.,*
for the petitioner.

*Chester A. Gwinn, Esq.,* and *Hugh R. Dowling, Esq.,* for the
respondent.

1016

OPINION.

LEECH: Petitioner contends that the basis for determining gain or loss on its disposition of securities acquired on May 18, 1923, in the transaction heretofore detailed, is their fair market value on that date. It has so computed its gain reported in its returns for the years in question. Respondent contends that the acquisition of these securities by petitioner was under conditions which bring the transaction within section 204 (a) (8) of the Revenue Act of 1926 and that the proper basis to petitioner for computing gain or loss on resale is the basis of such securities, in each instance, to the parties from whom they were acquired.

Section 204 (a)[1] of the Revenue Act of 1926 provides that the basis for determining gain or loss from sale or other disposition of property after February 28, 1913, shall be the *cost* of such property, with certain exceptions set out in detail. It is stipulated that the fair market value of the assets conveyed to petitioner on May 18, 1923, by John R. Thompson, his wife, daughter, and a trustee holding certain of the securities in exchange for all of its capital stock, was the sum of $9,599,222.50. It necessarily follows that this is the fair market value of petitioner's stock issued in exchange and therefore the cost to petitioner of these securities. If another basis than such cost is to be used in determining gain or loss on resale, the circumstances of the acquisition must be such as to bring the transaction within one of the exceptions declared in the cited section.

In the transaction the tax results of which are now in dispute, this petitioner acquired more than 50 percent of the preferred and more than 50 percent of the common stock of the John R. Thompson Co. It also acquired, in the same transaction, securities in other cor-

---

[1] SEC. 204 (a). The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\*     \*     \*     \*     \*     \*     \*

(6) If the property was acquired upon an exchange described in subdivision (b), (d), (e), or (f) of section 203, the basis shall be the same as in the case of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made. If the property so acquired consisted in part of the type of property permitted by paragraph (1), (2), (3), or (4) of subdivision (b) of section 203 to be received without the recognition of gain or loss, and in part of other property, the basis provided in this paragraph shall be allocated between the properties (other than money) received, and for the purpose of the allocation there shall be assigned to such other property an amount equivalent to its fair market value at the date of the exchange. This paragraph shall not apply to property acquired by a corporation by the issuance of its stock or securities as the consideration in whole or in part for the transfer of the property to it;

(7) If the property (other than stock or securities in a corporation a party to the reorganization) was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in

porations, but representing, in no case, a majority of the stock of any such corporation. The consideration paid by petitioner for the acquisition of this property was all of its stock, held thereafter by the sellers.

The transaction, in which the stock of the John R. Thompson Co. was transferred to petitioner constituted a "reorganization" within the definition of section 203 (h) (1)[2] of the Revenue Act of 1926. *Helvering* v. *Minnesota Tea Co.*, 296 U. S. 378; *Helvering* v. *Watts*, 296 U. S. 387; *G. & K. Manufacturing Co.* v. *Commissioner*, 296 U. S. 389, all decided December 16, 1935.

It necessarily follows that the John R. Thompson Co. was a "party to a reorganization" under section 203 (h) (2)[3] of the Revenue Act of 1926.

An examination of section 204 shows that subsections (6), (7), and (8) embody the only exceptions controlling voluntary exchanges for a consideration as was the one here in question. It is apparent that subparagraph (6) is not applicable to the acquisition of the John R. Thompson Co's. stock since it excludes "property acquired by the corporation by issuance of its stock or securities as the consideration in whole or in part for the transfer of the property to it." Furthermore, subsections (7) and (8) are not applicable because each exempts specifically "stock or securities in a corporation a party to a reorganization."

Thus, since the acquisition by petitioner of the stock of the John R. Thompson Co. constituted a reorganization and such stock was that of a party to the reorganization, it is excluded from the exceptions set out in section 204 (a). Consequently, the basis for determining gain or loss from its sale or other disposition by petitioner is its cost to the latter.

the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was 'made;

(8) If the property (other than stock or securities in a corporation a party to a reorganization) was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

[2] SEC. 203 (h) as used in this section and sections 201 and 204—

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the tranferor or its stockholders or both are n control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identify, form, or place of organization, however effected.

[3] SEC. 203 (h) (2). The term "a party to a reorganization" includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

In addition to the stock of the John R. Thompson Co. petitioner acquired, in the transaction set out in the stipulation, certain other securities as a consideration for stock issued to John R. Thompson. The circumstances of this acquisition appear to bring it squarely within the provisions of section 204 (a) (7), heretofore set out in the margin.

We think it clearly established that these securities were acquired by petitioner in connection with a reorganization, and that they did not represent "stock or securities in a corporation a party to a reorganization." Immediately after the transfer of such securities by Thompson to petitioner he was the owner of approximately 90 percent of the stock of petitioner.

We hold that petitioner's basis for determining gain or loss upon its disposition of these securities is the basis of such securities to the transferor, John R. Thompson. *Stires Corporation*, 28 B. T. A. 1; *Holmby Corporation*, 28 B. T. A. 1092.

The deficiencies should be redetermined in accordance with the conclusions herein reached and with the stipulated adjustments.

*Judgment will be entered under Rule 50.*