### BALLWOOD CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5674.

Circuit Court of Appeals, Third Circuit.

June 3, 1936.

Morgan S. Kaufman, of Scranton, Pa., and S. Leo Ruslander, R. J. Cleary, and

Wm. A. Seifert, all of Pittsburgh, Pa., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Lucius A. Buck, Sp. Assts. to Atty. Gen., and Morton K. Rothschild, of Washington, D. C., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for rehearing of a decision of this court in Ballwood Company v. Commissioner, filed July 16, 1935, in which in a per curiam opinion we affirmed a decision of the Board of Tax Appeals.

The petitioner, in accordance with an agreement made with the Midwest Pipe & Supply Company, hereinafter called Midwest, conveyed its pipe fabricating assets representing approximately 29 per cent. of its total assets to the Ballwood Pipe Fabricating Corporation, a newly organized corporation. The petitioner received all of the new corporation's capital stock and conveyed the same to Midwest in exchange for approximately 18 per cent. of Midwest capital stock. Midwest transacted the pipe-fitting business, theretofore transacted by the petitioner, through its so-called "Ballwood Division, Midwest Piping .Supply Company." The petitioner's sole stockholder served as manager for the Ballwood Division. The Ballwood Pipe Fabricating Corporation continued in existence as a holding company for the assets transferred to it by the petitioner. The Commissioner ruled that the difference between the cost to the petitioner of the Ballwood Pipe Fabricating stock and the market value of the Midwest stock was taxable. The petitioner contended that the gain was nontaxable because derived from a tax-free reorganization. The pertinent statutory provisions and Treasury Regulations are set out in the margin.*

As a result of the various transfers outlined above, the petitioner had an 18 per cent. interest in Midwest, which in turn owned all the stock of the Ballwood Pipe Fabricating Corporation. It is apparent that the same results might have been

* Section 112 of Revenue Act of 1928, 45 Stat. 816 (26 U.S.C.A. § 112 and note):

Recognition of Gain or Loss

(a) General rule. Upon the sale or exchange of property the entire amount of the gain or loss determined under section 111, shall be recognized, except as hereinafter provided in this section.

(b) Exchanges solely in kind—* * *

(3) Stock for stock on reorganization. No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

(4) Same—Gain of corporation. No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization. * * *

(i) Definition of reorganization. As used in this section and sections 113 and 115—

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

(2) The term "a party to a reorganization" includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

(j) Definition of control. As used in this section the term "control" means the ownership of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

Article 574 of Treasury Regulations 74:

Exchanges in connection with corporate reorganizations.—The Act provides that no gain or loss shall be recognized if, in pursuance of a plan of reorganization, stock or securities in a corporation a party to a reorganization are exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization, or if, in pursuance of a reorganization plan, a corporation a party to a reorganization exchanges property solely for stock or securities·in an-

achieved by an outright sale. The petitioner could have transferred directly to Midwest all of its assets involved in the pipe-fitting business and received in payment therefor 18 per cent. of Midwest stock. Nevertheless, what was done amounted to a reorganization, for as a result of the somewhat complicated transfers, Midwest acquired not merely a majority, but all of the stock of the Ballwood Pipe Fabricating Corporation. Section 112 (i) (1) (A) of the Revenue Act of 1928 (26 U.S.C.A. § 112 note) gives one definition for the term "reorganization" as a "merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation. * * * )." This definition obviously enlarges the usual meaning of the words "merger or consolidation." Giving the words of the statute their plain and unambiguous meaning, we must reach the conclusion that what took place in the instant case amounted to a statutory reorganization in which there was no gain or loss under the provisions of section 112 (b) (3) and (4) of the statute (26 U.S.C.A. § 112 (b) (3, 4) and note), for the stock of the Ballwood Pipe Fabricating Corporation was property in the hands of the taxpayer. It may also be pointed out that the petitioner's 18 per cent. stockholdings in Midwest give it an interest in the affairs of that company fairly representing the value of the assets transferred by it to the newly organized corporation in accordance with the agreement between it and Midwest. Pinellas Ice Co. v. Commissioner, 287 U.S. 462, 53 S.Ct. 257, 77 L.Ed. 428.

The Board of Tax Appeals, relying upon its own prior decisions in Watts v. Commissioner of Internal Revenue, 28 B.T.A. 1056 and Minnesota Tea Company v. Commissioner of Internal Revenue, 28 B.T.A. 591, held that the gain resulting from the transaction was taxable. The Board's ruling in the Watts Case was reversed by the Second Circuit Court of Appeals in 75 F.(2d) 981, and in the Minnesota Tea Case by the Eighth Circuit Court of Appeals in 76 F.(2d) 797. The Supreme Court affirmed in opinions filed December 16, 1935. The final decisions in those cases, therefore, are favorable to the taxpayer. We note that neither this court nor the Board of Tax Appeals had the benefit of the Supreme Court decisions in those cases at the time of the original argument.

In the Watts Case three taxpayers were the sole stockholders of the United States Ferro Alloys Corporation. They exchanged all their stock for shares of the Vanadium Corporation of America and mortgage bonds of Ferro, guaranteed by Vanadium. The Supreme Court held that the gain derived from this exchange was nontaxable because of the acquisition by Ferro of the majority of the total number of shares of all classes of Vanadium stock. In the Minnesota Tea Case the taxpayer, pursuant to a plan previously agreed upon, transferred all its assets and business to the Grand Union Company and received in exchange certificates of the common stock of that company and $426,842.56 in cash. The taxpayer retained the certificates and distributed the cash to its stockholders who assumed to pay $106,471.73 of the taxpayer's outstanding debts. The Supreme Court held that the acquisition by one corporation of substantially all the properties of another corporation amounted to a tax-free reorganization under section 112 (i) (1) (A) of the Revenue Act of 1928. It ruled that the decision in Gregory v. Helvering, 293 U.S. 465, 55 S.

other corporation a party to the reorganization. If two or more corporations reorganize, for example, by—

(1) The merger of the X Corporation into the Y Corporation,

(2) The consolidation of the X Corporation and the Z Corporation into the Y Corporation, a new corporation,

(3) The acquisition by the Y Corporation of a majority of the voting stock and a majority of the total number of shares of all other classes of stock of the X Corporation or of substantially all of the properties of the X Corporation, or

(4) The transfer by the X Corporation of a part of its assets to the Y Corporation where immediately after the transfer the X Corporation or its shareholders or both are in control of the Y Corporation—

then no taxable income is received from the transaction by the X Corporation or the Z Corporation if the sole consideration received by the corporations is stock or securities of the Y Corporation; and no taxable income is received from the transaction by the shareholders of either the X Corporation or the Z Corporation if the sole consideration received by the shareholders is stock or securities of the Y Corporation.

Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355, was inapplicable, since nothing in the Minnesota Tea Company Case suggested other than a bona fide business transaction.

We therefore conclude, upon a literal construction of the Revenue Act of 1928 and by analogy to the decisions in Watts v. Commissioner, supra, Helvering v. Minnesota Tea Company, 296 U.S. 378, 56 S.Ct. 269, 80 L.Ed. 284, and G & K Manufacturing Company v. Helvering, 296 U.S. 389, 56 S.Ct. 276, 80 L.Ed. 291, opinion filed December 16, 1935, that no taxable gain arises by reason of the described transaction.

Our decision, as set forth in the per curiam opinion filed July 16, 1935, is vacated and set aside, and the decision of the Board of Tax Appeals is reversed.