COMMISSIONER OF INTERNAL REVENUE v. GROMAN.

No. 5779.

Circuit Court of Appeals, Seventh Circuit.
Nov. 30, 1936.
Rehearing Denied Jan. 7, 1937.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to the Atty. Gen., for petitioner.

Egbert Robertson and James C. Spence, both of Chicago, Ill. (Robertson, Crowe & Spence, of Chicago, Ill., of counsel), for respondent.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

EVANS, Circuit Judge.

The Commissioner appeals from a ruling of the Board which held that the stock under consideration, received by respondent, was not taxable to him as gain because received in the course of a reorganization.

The Facts. Respondent was a stockholder in the Metals Refining Company, an Indiana corporation. The Glidden Company is an Ohio corporation. On January 29, 1929, the Glidden Company and all the stockholders of Metals Company entered into an agreement whereby all the stock of the Metals Company was to be transferred to a third company (Metals Refining Co. of Ohio), an Ohio corporation, to be formed by the Glidden Company. The consideration to the stockholders of Metals Company for the transfer was $153,036.66 cash; 5276 shares of 7% prior preferred stock of the Glidden Company at $105 per share; and 5000 shares of 6% cumulative preferred stock of the new company.

Each shareholder of the Indiana corporation, of which respondent was one, received the percentage of this total consideration that his stock holdings bore to the total outstanding stock of said Indiana company. Glidden Company paid cash for the common stock of the new Ohio company. It did not receive any of the preferred stock of this company. The Indiana company was dissolved. Its assets were valued at $1,207,046.66. It is admitted that the cash received by stockholders was taxable and also that respondent's proportion of the 5000 shares of the preferred stock of the new Ohio Company by him received was not taxable. The issue is limited to respondent's proportion of 5276 shares of preferred stock of Glidden Company.

Did the Board of Tax Appeals correctly hold that the Glidden Company was a party to a reorganization within the meaning of section 112 (i) (2) of the Revenue Act of 1928?

The pertinent reorganization sections are:

"§ 112. (a) General rule. Upon the sale or exchange of property the entire, amount of the gain or loss determined under section 111, shall be recognized, except as hereinafter provided in this section. * * *

"(b) * * * (3) Stock for stock on reorganization. No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

"(4) Same—Gain of corporation. No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization. * * *

"(5) (c) Gain from exchanges not solely in kind.—(1) If an exchange would be within the provisions of subsection (b) (1), (2), (3), or (5) of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

"(2) If a distribution made in pursuance of a plan of reorganization is within the provisions of paragraph (1) of this subsection but has the effect of the distribution of a taxable dividend, then there shall be taxed as a dividend to each distributee such an amount of the gain recognized under paragraph (1) as is not in excess of his ratable share of the undistributed earnings and profits of the corporation accumulated after February 28, 1913. The remainder, if any, of the gain recognized under paragraph (1) shall be taxed as a gain from the exchange of property. * * *

"(i) Definition of Reorganization. As used in this section and sections 113 and 115—

"(1) The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the

properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

"(2) The term 'a party to a reorganization' includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

"(j) Definition of control. As used in this section the term 'control' means the ownership of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation." (26 U.S.C.A. § 112(a), (b) (3), (4) (c) (1, 2) and note (g) (1, 2) note, (h) and note.)

The recent decisions of the courts which have passed upon similar questions reject the respondent's contention that he was within the exemption of the reorganization section. In other words, the following cases, while not exactly in point, are persuasive. Bus & Transport Securities Co. v. Helvering, 296 U.S. 391, 56 S.Ct. 277, 80 L.Ed. 292; G. & K. Manufacturing v. Helvering, 296 U.S. 389, 56 S.Ct. 276, 80 L.Ed. 291; Ballwood Co. v. Commissioner (C.C.A.) 84 F.(2d) 733.

Determinative of the question before us is the answer to the question, Was Glidden a party to reorganization whereby the Indiana Company transferred its stock to the Ohio Company and the latter paid the stockholders of Indiana Company in cash, preferred stock of Ohio Company, and preferred stock of Glidden Company?

We see no reason for extending the meaning of the term "party" as it appears in section 112 (i) (2) (26 U.S.C.A. § 112 (g) (2) note). To hold otherwise would be to usurp legislative functions. Congress has defined a party to a reorganization so as to permit a taxpayer to avoid what would otherwise be taxable income. It could have refused to allow such deductions altogether. Having exempted "gains" through reorganization, it could and did define reorganizations. In so doing it used the term "a party" referring to those who were in the reorganization. We must hold respondent to the definition which Congress specifically gave to the word "party." It would, we think, be a forced construction to assume that under such circumstances there were parties other than those defined by the statute. Respondent relies upon the exemption of the statute, but declines to abide by the Congressional definition of essential terms.

The conclusion here reached is confirmed if we view the transaction from another approach. Let us assume that we have a taxpayer who owns stock in a corporation which he sells to another corporation. He is paid partly in cash, chiefly in preferred stock of a third corporation, and the balance in preferred stock of a corporation which buys his stock. The price received is in excess of the cost of the stock to him. Is his gain taxable?

There can be no question about the correctness of an affirmative answer save for an alleged exception or exemption from the tax law due to the reorganization provision of the act. The cash received, of course, is not exempt. The taxpayer does not question the tax upon the cash by him received. The Government concedes the soundness of the taxpayer's claim of exemption so far as the stock of the acquiring corporation is concerned. In the face of this concession this item like the cash item is out of the picture. As to the stock of a third company, even though it be a parent company, there seems no reason for exempting it any more than could be advanced for exempting the cash. Instead of preferred stock of the third company, it might have been bonds of the third or a fourth company, or real estate or physical personal property. The reason for exempting the stock of the purchasing company does not apply.

Our conclusion, however, is based not upon the reasons for Congressional action, but upon the fact that Congress, in exempting gains derived through the transfer of stock which transfers are but a part of reorganizations, saw fit to define with particularity the terms "reorganization" and "parties to reorganization." As we apply these definitions to the facts before us, we are impelled to the conclusion that the Glidden preferred stock was not exempted.

The order is reversed, with directions to proceed in accordance with the views herein expressed.