CHARLES A. DANA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 76699.   Promulgated June 11, 1937.

*Benjamin Mahler, Esq.,* for the petitioner.
*J. R. Johnston, Esq.,* for the respondent.

## OPINION.

MELLOTT: Petitioner contends (1) that any gain upon the exchange is not to be recognized since it was an exchange of stock of one corporation for stock of another corporation made pursuant to a plan of reorganization, both corporations being parties thereto; and (2) that if it be held that he realized a taxable gain on the exchange, then the gain should be measured by the fair market value of Spicer stock received by him, which value he contends is not in excess of $30 per share.

The pertinent provisions of the Revenue Act of 1928 are shown in the margin.[1]

Under section 112 (b) (3) no gain or loss is to be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization. It is not disputed that petitioner exchanged his stock in Salisbury solely for stock in Spicer. The question for determination therefore is simply whether such exchange was made in pursuance of a plan of reorganization and whether or not Salisbury and Spicer were parties thereto.

The respondent contends that the exchange was not made pursuant to a plan of reorganization. He argues (1) that prior to the exchange Spicer was the owner of more than a majority of the stock of Salisbury and that it did not acquire at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of Salisbury through the exchange in question; (2) that it acquired by purchase a minority interest in the Salisbury stock owned by petitioner; (3) that the petitioner's Salisbury stock was not acquired pursuant to the plan for the transfer by Salisbury of all or part of its assets to Spicer; and (4) that if

---

[1] SEC. 111. DETERMINATION OF AMOUNT OF GAIN OR LOSS.

(a) *Computation of gain or loss.*—Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in section 113, and the loss shall be the excess of such basis over the amount realized.

SEC. 112. RECOGNITION OF GAIN OR LOSS.

(a) *General rule.*—Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.

(b) *Exchanges solely in kind.*—

\*            \*            \*            \*            \*            \*            \*

(3) STOCK FOR STOCK ON REORGANIZATION.—No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

\*            \*            \*            \*            \*            \*            \*

(i) *Definition of reorganization.*—As used in this section and sections 113 and 115—

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

(2) The term "a party to a reorganization" includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

\*            \*            \*            \*            \*            \*            \*

SEC. 113. BASIS FOR DETERMINING GAIN OR LOSS.

(a) *Property acquired after February 28, 1913.*—The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; \* \* \*

there ever was a statutory reorganization to which Spicer and Salisbury were parties, such reorganization had been consummated prior to 1929.

Petitioner argues that there was a statutory reorganization by reason of (a) the acquisition by Spicer of at least a majority of the stock of Salisbury; (b) the acquisition by Spicer of substantially all the properties of Salisbury; (c) a recapitalization of Spicer; or (d) a recapitalization of Salisbury. He further argues that all of the requisites of the statute have been met; that there was a plan of reorganization, an exchange pursuant thereto of stock in one corporation for stock in another, and that both corporations were parties to the reorganization.

The record discloses that there were two plans, (1) the plan of petitioner to move Spicer and Salisbury to Toledo and consolidate and merge their physical assets and businesses; and (2) the plan set forth in the agreement with the bankers, which included the acquisition by Spicer of all of the outstanding stock of Salisbury and the recapitalization of Spicer. We are satisfied that the exchange was made pursuant to the plan contained in the agreement between Spicer and the bankers. While we deem it unnecessary to give any consideration to the first mentioned plan, petitioner's argument to the effect that it was a plan of reorganization is not without substantial merit. *William H. Redfield*, 34 B. T. A. 967; *Western Industries Co.* v. *Helvering*, 82 Fed. (2d) 461; *C. T. Investment Co.* v. *Commissioner*, 88 Fed. (2d) 582; *Gross* v. *Commissioner*, 88 Fed. (2d) 567.

The agreement between Spicer and the bankers provided that Spicer should acquire all of the stock of Salisbury not then owned by it; that it should reduce its authorized capital stock by the elimination of the 100,000 shares of preferred stock; that, subject to obtaining the approval of its stockholders, it should increase and reclassify its capital stock so that it should consist of 150,000 shares of preferred and 600,000 of common; that it should acquire all of the capital stock of the Brown-Lipe Gear Co., procure and deliver to the bankers a consolidated statement of the assets and liabilities of the corporation (Spicer) and its wholly owned subsidiary companies (Salisbury and Brown-Lipe) and that it should sell to the bankers 85,000 shares of the new preferred stock.

The agreement constituted a plan of reorganization if any of the acts to be performed by Spicer fall within the meaning of the term reorganization as defined by section 112 (i) (1), *supra*. This section defines a reorganization to mean, *inter alia*, a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total

number of shares of all other classes of stock of another corporation), or a recapitalization. As heretofore pointed out, the agreement provided that Spicer should acquire all of the Salisbury stock and that Spicer should be recapitalized.

The respondent urges us to hold that there was no statutory reorganization because Spicer owned a majority of the stock of Salisbury prior to the exchange. Such a construction of subdivision (A) of section 112 (i) (1), *supra*, would not, in our opinion, give effect to the purpose which Congress had in mind in enacting the reorganization provisions of the statute. That purpose was to facilitate readjustments of corporate businesses by permitting the postponement of gain or loss on exchanges made in pursuance thereof where the transferor retained a continuing interest in the reorganized corporation or corporations. *G. & K. Manufacturing Co.* v. *Helvering*, 296 U. S. 389; *Mead Coal Co.* v. *Commissioner*, 72 Fed. (2d) 22. And "the terms 'merger' and 'consolidation' are to be given a liberal interpretation to effectuate the purposes" which Congress had in mind in enacting the statute. *Mead Coal Co.* v. *Commissioner*, *supra*.

In providing that a reorganization means a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation) Congress intended to cover not only a strict merger or consolidation but also transactions which have a real resemblance thereto. In *Pinellas Ice & Cold Storage Co.* v. *Commissioner*, 287 U. S. 462, the Supreme Court, in discussing the same provision of the 1926 Act, said:

> The words within the parenthesis may not be disregarded. They expand the meaning of "merger" and "consolidation" so as to include some things which partake of the nature of a merger or consolidation but are beyond the ordinary and commonly accepted meaning of these words—so as to embrace circumstances difficult to delimit but which in strictness cannot be designated as either a merger or consolidation.

As the Supreme Court pointed out, the acquisition by one corporation of at least a majority of the stock of another is a reorganization because it "partakes of the nature of a merger or consolidation." If the acquisition by one corporation of a bare majority of the stock of another constitutes a reorganization, we are of the opinion that the acquisition by one corporation of all the outstanding stock of another, thus enabling the acquiring corporation, at its pleasure, to consolidate or merge the two corporations, falls within the same category. At the time Spicer acquired petitioner's Salisbury stock, there was in existence a plan, which was subsequently executed, for Spicer to take over the assets of Salisbury and to merge and con-

solidate the businesses theretofore conducted by the two corporations. Moreover, the agreement between Spicer and the bankers tends to indicate that at the time it was entered into, a merger or consolidation was contemplated by the parties; for by it Spicer was obligated to procure and deliver to the bankers a statement of the assets and liabilities of itself and "its wholly owned subsidiary companies", Salisbury and Brown-Lipe. In view of the foregoing we hold that the acquisition of petitioner's stock by Spicer was pursuant to a plan of reorganization within the meaning of subdivision (A) of section 112 (i) (1), *supra*, and that Salisbury and Spicer were parties thereto.

It follows therefore that the respondent erred in determining the above deficiency. The conclusion reached renders it unnecessary to determine the fair market value of the Spicer stock received by petitioner.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*