## NELSON v. UNITED STATES.

No. 45931.

Court of Claims.
Jan. 6, 1947.

Robert A. Littleton, of Washington, D. C., for plaintiff.

H. S. Fessenden, of Washington, D. C., and Douglas W. McGregor, Asst. Atty. Gen. (J. Louis Monarch and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

Plaintiff sues to recover additional income taxes assessed against him by the Commis-sioner of Internal Revenue. He alleges that the Commissioner used the wrong basis for the determination of gain derived by him from the disposition of 1,324 shares of the capital stock of the United Carbon Company.

Plaintiff had acquired these shares as a result of the consolidation of a number of different corporations and a partnership. The Commissioner was of the opinion that the consolidation of these companies was a reorganization as that term is defined by section 203(h)(1)(A) of the Revenue Act of 1926, 44 Stat. 9, 14, 26 U.S.C.A.Int.Rev. Acts, page 150, and that the taxpayer had received this stock pursuant to the plan of reorganization. It followed therefrom that the receipt of this stock by the taxpayer was tax-free, and that, in order to deter-mine the gain or loss from a subsequent disposition of it, the proper basis was the original cost of an aliquot part of his stock in the Cosmos Carbon Company and the Natural Gas Products Company, whose as-sets had been transferred to the United Car-bon Company in return in part for its stock.

The taxpayer contends that he did not receive this stock pursuant to a plan of re-organization and that, therefore, he is tax-able on the difference between the sale price of the stock and its value at the time he received it.

The fundamental difference between the taxpayer and the Commissioner seems to be that the Commissioner is of opinion that the transaction is governed by section 203 (b)(3) of the Revenue Act of 1926 and associated sections, whereas the taxpayer thinks it is governed by section 203(b)(4).

Section 203(b)(4) provides:

"No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securi-ties received by each is substantially in pro-portion to his interest in the property prior to the exchange."

338

The taxpayer says that his receipt of the stock was not a tax-free transaction because the stock of the United Carbon Company received by the transferor was not "substantially in proportion to his interest in the property prior to the exchange," as is required by this subsection. He says the Fourth Circuit Court of Appeals so held in the case of United Carbon Co. v. Commissioner of Internal Revenue, 90 F.2d 43.

The Commissioner admits this, but says that the facts of this case bring it within the terms of section 203(b)(3), instead of 203(b)(4), and that under that section it is not necessary that the stock received by the transferor corporations should be in proportion to their interest in the property transferred. Section 203(b)(3) reads:

"No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization."

Plaintiff says that this section is not applicable (1) because the transferor corporations received money in addition to stock or securities, and (2) that it was no part of the plan of reorganization that the transferor companies should distribute to their stockholders the stock of the United Carbon Company which they had received in consideration for the transfer.

We are of opinion that the facts of this case do bring it within the provisions of section 203(b)(3), taken in conjunction with sections 203(e) and 203(c) and 203 (h)(1)(A). The Fourth Circuit Court of Appeals so held in the case of Britt v. Commissioner of Internal Revenue, 114 F.2d 10.

Section 203(e) makes the provisions of section 203(b)(3) applicable if the corporation receiving money or other property in addition to stock "distributes it in pursuance of the plan of reorganization." Section 203(h)(1)(A) defines a reorganization as "merger or consolidation (including the acquisition by one corporation of * * * substantially all the properties of another corporation)," and section 203(c) provides that a stockholder of a transferor corporation receiving stock of the transferee corporation pursuant to the plan of reorganization, realizes no gain or loss on the transaction.

Paragraphs (c), (e)(1), and (h)(1)(A) of section 203 are reprinted in full in the margin below.[1]

Under these sections we are of opinion that plaintiff realized no gain or loss on the stock of the United Carbon Company received by him as a result of the liquidation of the Cosmos Carbon Company and the Natural Gas Products Company.

The plaintiff, Oscar Nelson, had been a stockholder and the president of the Cosmos Carbon Company from the date of its incorporation on April 11, 1922 until its dissolution on August 2, 1927. He was also a stockholder and the president of the Natural Gas Products Company during the year 1925 and until its dissolution on June 24, 1926.

[1] "(c) If there is distributed, in pursuance of a plan of reorganization, to a shareholder in a corporation a party to the reorganization, stock or securities in such corporation or in another corporation a party to the reorganization, without the surrender by such shareholder of stock or securities in such a corporation, no gain to the distributee from the receipt of such stock or securities shall be recognized.
* * * * * * *
"(e) If an exchange would be within the provisions of paragraph (3) of subdivision (b) if it were not for the fact that the property received in exchange consists not only of stock or securities permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then—
"(1) If the corporation receiving such other property or money distributes it in pursuance of the plan of reorganization, no gain to the corporation shall be recognized from the exchange. * * *
"(h) As used in this section and sections 201 and 204—
"(1) The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), * * *."

These companies were engaged in the manufacture of carbon black, gasoline, and other byproducts of oil and gas. There were a number of other companies operating in the same field. In 1923 plaintiff conceived the idea of consolidating a number of these companies into one company. After consultation with some of the others an appraisal was made of the properties of each of the companies, and plaintiff and another, acting as a committee for the incorporators of the new company to be organized, addressed separate proposals to the several companies which they desired to consolidate into the United Carbon Company.

This proposal, which is set out in full in the findings, was, in brief, that the new company should purchase for cash the inventories of carbon black of the several companies, together with the materials used for packing and shipping it, and that they should purchase all the other properties of the companies, except their corporate franchises, cash and notes, and bills and accounts receivable, for preferred and common stock of the United Carbon Company.

The property to be purchased for stock consisted, among other things, of the carbon black manufacturing plants, warehouses, factories, gasoline and other plants, plant sites, oil and gas leases, surface leases, oil and gas wells, and all equipment in connection therewith, dwellings, offices, office furniture and equipment, machinery, railroad tracks and sidings, pipe lines, tanks, meters, as well as all the sales and other contracts of the companies, "and in general all of the property, real, personal, and mixed," except the cash and notes and bills and accounts receivable. The transferor companies remained liable on their debts.

These proposals were accepted by some 12 companies and were carried out by them as of February 14, 1925. The Cosmos Carbon Company transferred to the United Carbon Company inventories of a value of $277,855.33, for which it was paid in cash, and it transferred physical and depletable properties of a value of $1,988,310.06, for which it received 9,240 shares of preferred stock and 36,960 shares of common stock. The cash and notes and bills and accounts

receivable retained by the Cosmos Company had a value of $208,094.83, and it also retained 1,160 shares of stock in the Natural Gas Products Company. The property transferred by Cosmos was 91.6 percent of all of its assets.

The Natural Gas Products Company transferred to the United Carbon Company inventories for which it was paid $122,450.-32 in cash, and it transferred physical and depletable properties appraised at $529,169.-23, for which it received 2,645 shares of preferred stock, and 10,580 shares of common stock of the United Carbon Company. It retained cash and notes and bills and accounts receivable of the value of $29,176.49. The property it transferred was 95.7 percent of all of its assets.

We do think it can be doubted that this transaction was a reorganization as defined in section 203(h) (1) (A). We are of the opinion that both the Cosmos Carbon Company and the Natural Gas Products Company transferred to the United Carbon Company "substantially all" its assets. In the one case 91.6 per cent of its assets were transferred, and in the other 95.7 per cent. The transferor companies remained liable for their debts and, of course, used the assets retained to discharge them, and, hence, in determining whether substantially all its assets were transferred, the amount of the retained assets should be offset by the amount of the liabilities. Taking this into consideration, there would seem to be no doubt that "substantially all" of its assets were transferred. If so, the facts of the case clearly make the transaction a reorganization as that term is defined in the Act.

Since we are of the opinion that both the Cosmos Carbon Company and the Natural Gas Products Company were parties to the reorganization and exchanged property for money and stock "in another corporation a party to the reorganization," then no gain nor loss is to be recognized, if the Cosmos Carbon Company and the Natural Gas Products Company distributed the money received "in pursuance of the plan of reorganization." Sec. 203(e) (1). It was in fact distributed and we are of opinion that it was distributed in pursuance of the plan of reorganization.

The proposal made to the various transferor corporations did not contain an express provision that they should distribute to their stockholders the money received by them as a result of the consolidation, but it is reasonably inferable from all the facts and circumstances that this was a part of the plan of reorganization. The declared purpose, as shown by the findings, was the unification of the properties of the various corporations into a single ownership and the elimination of competition. In conformity with this purpose, all of the transferor corporations denuded themselves of all of their assets, except as noted, and, hence, were incapable of continuing operations. It is not reasonable to suppose that it was intended that, after they had converted their remaining assets into cash and had discharged their liabilities, they should remain in existence merely as shells. Plaintiff offered no proof to rebut this inference. We have, accordingly, found as a fact that it was a part of the plan of reorganization that the transferor companies should distribute to their stockholders not only the cash, but also the stock received from the United Carbon Company.

If we are correct in this finding, the case clearly comes within the provisions of section 203(b) (3) and 203(e) (1). If it does, then this taxpayer received his stock as the result of a tax-free transaction under the terms of section 203(c), which provides:

"If there is distributed, in pursuance of a plan of reorganization, to a shareholder in a corporation a party to the reorganization, stock or securities * * * in another corporation a party to the reorganization, without the surrender by such shareholder of stock or securities in such a corporation, no gain to the distributee from the receipt of such stock or securities shall be recognized."

In his returns for the years in which he received this stock plaintiff treated them as having been received in a tax-free transaction. We think he was correct in doing so.

The Fourth Circuit Court of Appeals reached the same conclusion in Britt v. Commissioner, supra, which involved a distribution by the Liberty Carbon Company, which was another party to this reorganization.

It is true that the Natural Gas Products Company was not dissolved until June 24, 1926, and that final distribution to its shareholders was not made until December 15, 1927, and that the Cosmos Carbon Company was not dissolved until August 2, 1927, and that final distribution to its shareholders was not made until August 31, 1928; but we think this interval of time does not affect the taxability of the transaction. The intervening time was spent in reducing to cash the remaining assets of these companies and the payment of its liabilities. No further operations were carried on. The essential thing is that the distribution was made pursuant to the plan of reorganization, even though some time was necessary in order to finally effectuate the plan. G. & K. Manufacturing Co. v. Helvering, 296 U.S. 389, 56 S.Ct. 276, 80 L.Ed. 291; Douglas v. Commissioner of Internal Revenue, 37 B.T.A. 1122.

Nor do we think that it is material that these companies sold and bought again some of the stock of the United Carbon Company prior to the time that they were finally dissolved. Why they did so the record does not disclose, but the remaining stock was distributed pursuant to the plan of reorganization, and this is the controlling fact. G. & K. Manufacturing Co. v. Helvering, supra.

We are of opinion that the proper basis for the computation of the profit derived from the sale of the United Carbon Company stock was the cost to plaintiff of an aliquot part of his stock in the Cosmos Carbon Company and in the Natural Gas Products Company.

In his petition plaintiff asserts other grounds to show that the computation of the Commissioner of Internal Revenue was erroneous, but plaintiff did not request the court's commissioner to make any findings thereon, and the commissioner made none, and the plaintiff does not except to his failure to do so; on the contrary, he says that, with the additions suggested, "plaintiff adopts the report of the commissioner as adequate." His suggested additions do not relate to the other grounds asserted in his

petition. Neither does plaintiff rely on the other grounds in his briefs. We must conclude, therefore, that these other grounds have been abandoned.

It results that the computation of the gain derived by the Commissioner of Internal Revenue was correct. Plaintiff's petition, therefore, will be dismissed. It is so ordered.

WHALEY, Chief Justice, and MADDEN and JONES, Judges, concur.

LITTLETON, Judge, took no part in the decision of this case.