## PRESCOTT v. COMMISSIONER OF INTERNAL REVENUE (two cases).

### Nos. 7632, 7633.

Circuit Court of Appeals, Fifth Circuit.

March 12, 1935.

Rehearing Denied April 20, 1935.

Allen W. Clapp and Hal Lindsay, both of Atlanta, Ga., for petitioners.

Frank J. Wideman, Asst. Atty. Gen., Thomas A. Carpenter, Sewall Key, and Norman D. Keller, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and John D. Kiley, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

W. R. Prescott and Mrs. W. R. Prescott in 1929 exchanged 400 shares of common stock in Coca-Cola International Corporation for 800 shares of common stock of Coca-Cola Company. They sold part of the shares received, and, realizing a gain thereby, paid a tax thereon. They have been assessed additionally for a corresponding gain in respect to the shares they did not sell.

**4**

The relationship of the two corporate stocks involved is stated in Bancker v. Commissioner (C. C. A.) 76 F.(2d) 1, just decided. This case differs from that, in that the Prescotts dealt with their own corporation under its resolution for retiring its capital stock. That resolution calls the transaction which it authorizes an exchange, and provides: "Third: Upon the making of any such exchange the title to the shares of stock in this corporation so received in exchange shall vest in this corporation. Fourth: That such shares received in exchange shall be retired and the capital stock reduced in proportion." There is apparently an effort to separate the act of exchange from the subsequent retirement of the acquired stock. If the Prescotts' transaction be looked on as an exchange of stocks, the case is ruled by Bancker's Case. It is not true that the Prescotts in receiving the shares of Coca-Cola merely got what they already equitably owned as stockholders. The assets of a corporation are not the property of the stockholders, either in law or in equity, but belong to the corporation, and are subject to its disposal and to its debts. Only when it ceases to be a going concern does the situation change, and their right then is to share in the assets remaining after payment of debts. Eisner v. Macomber, 252 U. S. 189, at page 208, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570. If this transaction be looked at in its entirety as being a return to the stockholders of their share in the corporate capital as a step in its liquidation, a taxable gain is realized under section 115(c, g) of the Revenue Act of 1928, 26 USCA § 2115(c, g). The only contention made in reply is that the gain ought to be treated as accruing on the date of the passage of the resolution for liquidation February 26, 1926, and Appeal of Minal E. Young, 6 B.T.A. 472, and Edwards v. Commissioner, 10 B.T.A. 39, are cited. In this case, however, the resolution did not contemplate immediate cessation of the corporate business, and did not operate finally and of its own force as a liquidation. It was only an authority or option offered to each stockholder. It did not cut him off as a stockholder or invest him with ownership of any Coca-Cola stock unless or until he accepted the offer and tendered exchange of his stock. The Prescotts did not do this until 1929, and then only did they realize on their original investment in International stock.

The petitions for review are denied.