## ROSE v. TRUST CO. OF GEORGIA.
### No. 7706.

Circuit Court of Appeals, Fifth Circuit.
May 11, 1935.

J. Louis Monarch, Sp. Asst. to the Atty. Gen., and M. Neil Andrews, Asst. U. S. Atty., of Atlanta, Ga., for appellant.

W. A. Sutherland, Joseph B. Brennan, and Pope F. Brock, all of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

In July, 1928, appellee was appointed executor of the estate of J. J. Goodrum, who had died June 4th, of that year, and received as part of the estate 1,488 shares of stock of the Coca-Cola International Corporation, which had been organized for the purpose of retaining control of the Coca-Cola Company in the hands of certain southern interests. The International Corporation obtained a majority of the stock of the Coca-Cola Company, which it held. It did no other business. Prior to the death of Good-

rum, it was decided to reduce its stock and permit the exchange of one share of its stock for two shares of the Coca-Cola Company stock, which it held. By a series of resolutions, the exchange privilege was made irrevocable. In July and August, 1930, appellee exchanged the 1,488 shares of International stock by transactions with four individuals, receiving in each instance two shares of stock of the Coca-Cola Company therefor. Thereafter, in the same year, 100 shares of the Coca-Cola Company stock received in exchange were sold at an advance over the basis of exchange. Appellee made its income tax returns for 1930 on the theory that no gain resulted from the exchange of stock, and the gain on the sale of the 100 shares was taxable as a capital net gain, at the flat rate of 12½ per cent. The Commissioner of Internal Revenue held that taxable gain had resulted from the exchange and the gain from the sale was subject to surtaxes. On that basis he determined a deficiency which, with interest, amounted to $18,870.83. This was paid to the then Collector of Internal Revenue, appellant herein, and this suit was brought to recover it back. The jury was waived and the case was submitted upon a stipulation as to the facts. Judgment was entered in favor of appellee.. This appeal followed. Error is assigned to the denial of a motion for judgment in favor of defendant and to the entering of judgment for plaintiff.

In the cases of Bancker v. Commissioner, 76 F.(2d) 1 and Prescott v. Commissioner, 76 F.(2d) 3, both decided March 12, 1935, we affirmed the rulings of the Commissioner as to other exchange transactions of the two stocks, similar to his determination in this case. We refer to the opinions in the two cases just cited for a more complete discussion of the history of the International Corporation.

Under the provisions of section 112, Revenue Act of 1928 (26 USCA § 2112), which governs, any gain or loss resulting from an exchange of property must be recognized, unless the transaction comes under one of the five exceptions set up in subdivision b of the section. It is conceded that these exceptions do not apply in this case. It is further conceded that if the Bancker and Prescott Cases apply, the judgment should be reversed. However, appellee seeks to distinguish those cases on the ground that in the Bancker Case the taxpayer had no right to demand an exchange of stock and in the Prescott Case the right of conversion was not granted to the taxpayer until after she acquired the International stock. In support of an affirmance of the judgment, it is argued that the convertible bond rule, recognized by the Treasury Department in Article 1563 of Regulations 45 and a number of Treasury decisions, should be applied by analogy.

The convertible bond rule is this: Where a corporation issues bonds, which in themselves contain a provision that the bond may be converted into stock of the same corporation, and an exchange is made, taxable gain or loss does not result until the stock is sold. In the Bancker and Prescott Cases, supra, we pointed out that the Coca-Cola International Corporation and the Coca-Cola Company were separate and distinct entities. A situation analogous to one coming under the convertible bond rule did not arise. It is not shown in this case when Goodrum acquired his stock, and, of course, the executor would be in no better position than the decedent, but in any event we consider it immaterial when the right to the exchange accrued. There is no practical difference between the questions decided in the Bancker and Prescott Cases and those involved in this case. It follows that the judgment appealed from must be reversed.

Reversed and remanded.