## BUS & TRANSPORT SECURITIES CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.*

### No. 5308.

Circuit Court of Appeals. Third Circuit.
July 3, 1935.

Albert E. James, of Washington, D. C., for petitioner.

Morton K. Rothschild, of Washington, D. C., for respondent.

Before DAVIS, Circuit Judge, and JOHNSON and CLARK, District Judges.

CLARK, District Judge.

A taxing statute is drawn. Certain of its provisions work an injustice. They are modified. The modifications are scrutinized, not in the spirit of their enactment, but according to the letter of their language. Procedure designed to fit that letter is de-

*Order affirmed 296 U. S. —, 56 S. Ct. 171, 80 L. Ed. —.

vised. The courts are asked to appraise that devising. Cf. our own opinion of two years ago, George H. Clapp v. D. B. Heiner, Collector of Internal Revenue, 51 F.(2d) 224.

An economy based on money might have eliminated the once universal practice of barter. That seems to have been the assumption of the draftsmen of the original (1916) income tax act (39 Stat. 756). Its omission was repaired by section 202 (b) of the 1918 Act (40 Stat. 1060), whereby gain or loss from exchanges was included in express terms. The principal opinion does not require us to follow in any detail the subsequent improvement of the first provision. The history of the legislation is set forth in some detail in opinions filed in the Fourth and Second Circuits. C. H. Mead Coal Co. v. Commissioner of Internal Revenue (C. C. A.) 72 F.(2d) 22; John J. Watts v. Commissioner of Internal Revenue (C. C. A.) 75 F.(2d) 981. Curiously, counsel did not cite us to a recent book devoted entirely to this rather narrow subject (Reorganization and Other Exchanges in Federal Income Taxation, by Miller, Hendricks, and Everett). The struggle of the Congress to be fair with the taxpayer is made abundantly clear therein.

The statute in the form with which we are presently concerned is found in section 2112, title 26, USCA, and reads:

"*Recognition of Gain or Loss*

"(a) *General Rule.* Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 2111, shall be recognized, except as hereinafter provided in this section.

"(b) *Exchanges Solely in Kind.*—* * *

"(4) *Same—Gain of corporation.* No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization. * * *

"(i) *Definition of Reorganization.* As used in this section and sections 2113 and 2115—

"(1) The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the

properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

"(2) The term 'a party to a reorganization' includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation."

The real party in interest in the case at bar is one C. Easman Jacobus. Prior to 1929, he was engaged in the transport bus business in Morris county, N. J. The citizens of that state will remember that about that time the Public Service Corporation realized that the advance of the motor vehicle art was making serious inroads upon its transportation by trolley. The highways and streets of the state were crowded with busses, all competing with the street cars of the Public Service. It became anxious to extend its trolley transport monopoly to gasoline propelled trackless vehicles, i. e., busses. These busses were generally owned in small units. One individual, either personally or through the corporate device, owned and operated a small fleet of busses on limited routes.

In order to acquire this particular bus line, the Public Service Coordinated Transport Company was willing to afford Mr. Jacobus a handsome profit, namely, a quarter of a million dollars. To the lay mind, this would seem to be easily "recognizable" as a gain. But then those without benefit of legal education would not "recognize" the possibilities of the "corporate reorganization" provisions of the Revenue Act. The case at bar arises out of such recognition by Mr. Jacobus'. advisor or advisors. It fails in this court at least, because we happen to share the lay, rather than the legalistic, point of view.

Mr. Jacobus could have transferred the stock in his bus company to the Public Service Coordinated Transport Company for cash; he could have transferred it for some form of obligation issued from that corporation, i. e., preferred stock, notes, bonds, etc. But then the fact of gain could not have been denied. So instead,

each party to the sale created a new corporation and transferred the respective considerations, i. e., bus company stock and the preferred stock to the treasury of the two new corporations. Then the sellers' corporation acquired all the stock in the buyers' corporation. The memorandum filed by the Board of Tax Appeals indicates that it considered the transaction outside the technical terms of the statute. That is a solution. We prefer a more fundamental one.

It is our opinion that the provision of the Revenue Act invoked here is in no way applicable. The section is entitled, "The gain of a corporation." We are not dealing with the gain of any corporation. The gain is that of C. E. Jacobus and his alone. If he is to be allowed to disguise that gain by the creation of corporations, any attempt to tax gain is rendered nugatory. Obviously, any seller and any buyer can proceed exactly as the buyer and seller did in this case. So for the payment of a small franchise tax and perhaps equally small legal fees, the gain becomes not a "gain" but a "reorganization." To so declare would make impossible taxation of receipts from appreciation of assets.

The Board of Tax Appeals is affirmed.