BUS & TRANSPORT SECURITIES CORP. *v.* HELVERING, COMMISSIONER OF INTERNAL REVENUE.

No. 490. Argued November 20, 1935.—Decided December 16, 1935.

Mr. *Albert E. James* for petitioner.

Mr. *J. Louis Monarch,* with whom *Solicitor General Reed, Assistant Attorney General Wideman,* and *Mr. Sewall Key* were on the brief, for respondent.

Mr. Justice McReynolds delivered the opinion of the Court.

Petitioner—Bus and Transport Securities Corporation—challenges a deficiency income tax assessment for 1929, and says that the transaction from which the alleged taxable gain arose was reorganization within § 112, Rev. Act, 1928. Paragraphs (b) (4), (i) (1) and (i) (2) are specially relied upon.†

Jacobus owned practically all shares of two corporations, herein designated "A" and " B," which operated bus lines. The Public Service Corporation of New Jersey— the projector—desired to control these lines; and to that end engineered the following plan.

Public Service Coördinated Transport Company, affiliated with the projector, caused the organization of C. Easman Jacobus, Inc., took all the stock and paid therefor by transfering 2500 of the projector's shares.

Jacobus caused petitioner to be organized and acquired all its stock in exchange for all shares of "A" and " B " corporations. Thereafter petitioner transferred to Public Service Coördinated Transport Company these "A" and " B " shares and took all shares of C. Easman Jacobus, Inc.

Thus, petitioner, through Jacobus, Inc., came to control 2500 of the projector's shares. And Public Service

---

† Margin of opinion in *Helvering* v. *Minnesota Tea Co., ante,* p. 378.

Coördinated Transport Company became owner of all shares of "A" and "B" corporations. Through these manipulations, the projector obtained indirect control of corporations "A" and "B" and the lines which they operate.

The Commissioner, the Board of Tax Appeals, and the Circuit Court of Appeals all rightly concluded that petitioner was not party to a reorganization within the statute. Certain corporate shares owned by it were exchanged for shares which another corporation owned. Neither party to the exchange acquired any definite immediate interest in the other. Nothing here, we think, even remotely resembles either merger or reorganization as commonly understood. *Pinellas Ice Co.* v. *Commissioner,* 287 U. S. 462.

The challenged judgment must be

*Affirmed.*