**In re GALVESTON–HOUSTON ELECTRIC CO. et al.**

**No. 56903.**

District Court, D. Massachusetts.

Jan. 30, 1936.

Burton E. Eames and George M. Naylor, Jr., both of Boston, Mass., and Claude M. Houchins, of Washington, D. C. (Tyler, Eames, Wright & Reynolds, of Boston, Mass., of counsel), for Galveston-Houston Electric Co.

Eugene O'Dunne, Jr., Sp. Atty., Bureau of Internal Revenue, Francis J. W. Ford, U. S. Atty., and J. Duke Smith and Arthur L. Murray, Sp. Assts. to U. S. Atty., all of Boston, Mass., and J. E. Marshall, of Washington, D. C., for the United States.

BREWSTER, District Judge.

In the matter of the reorganization of the Galveston-Houston Electric Company and affiliated companies, the government has asserted a claim for income taxes for the years 1931 and 1932 which the debtor has disputed.

The disputed claim was referred to a master, who has filed his report setting forth the essential facts with his conclusion that no taxes are due for these years.

The matter comes before the court upon debtor's motion to confirm the master's report, and has been heard upon the report together with a stipulation respecting ad-

ditional undisputed facts which the government thought material on the questions of law raised. The stipulation contains the details of the plan of refinancing certain issues of secured notes issued by the principal debtor Galveston-Houston Electric Company. What was done pursuant to the plan is set forth in detail by the master and will not be. repeated in this memorandum.

. It is clear that in the course of the plan to pay off a part of the issue and refund the balance, both gain and loss resulted. The value of certain securities hypothecated as security for the secured notes had unquestionably decreased in value to an extent sufficient to wipe out any gain that may have resulted from· the sale of other assets, the proceeds of which were used to retire 60 per cent. of the issue.

There was a sale of these hypothecated securities at public auction conducted by the trustee holding the securities as collateral. It would naturally be supposed that the extent of the loss could best be fixed by such a sale which. the master has found was .honestly and fairly conducted and widely advertised. It would seem only fair and equitable that the loss so established be deducted. I have no doubt the debtor is entitled to the deduction, unless it must be held as a matter of law, upon the facts submitted, that the transaction comes within some provision of section 112 of the Revenue Act of 1928 (26 U.S.C.A. § 112 and note). Rose v. Trust Co. of Georgia (C. C.A.) 77 F.(2d) 355; Edison Securities Corporation v. Commissioner, 29 B.T.A. 483.

It is the contention of the government that section 112 (b) (4) of the act (26 U.S. C.A. § 112 and note) applies. These provisions are that no gain or loss shall be recognized if a party to a reorganization exchanges property in pursuance of a plan of reorganization solely for stock or securities in another corporation, a party to the reorganization. It is urged that the principal debtor and the new corporation were parties to a "reorganization," as that term is defined in subdivision (i) (1) (B) of said section 112 (26 U.S.C.A. § 112 note), which provides that the term "reorganization" means "a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred."

Assuming, for the sake of argument, that all the steps taken by the debtor and its affiliates were part of a single plan to pay off indebtedness in part and refund as to the balance, there was in my opinion no reorganization within the meaning of that term, because the transferor was not in control of the corporation to which the hypothecated securities were transferred by the committee for bondholders who purchased them at the foreclosure sale. As part consideration for the transfer, 2,000 shares were issued to the committee, who still hold them. The fact that later the new corporation issued 32,000 shares to the debtor for other assets does not bring the transactions within the definition of reorganization.

Furthermore, if we assume the old and new corporations were parties to a "reorganization," the facts do not warrant the conclusion that there was an exchange of property solely for stock or securities in the new corporation.

The master reaches the conclusion that none of the exceptions of section 112 apply, and with this conclusion I agree. See Bus & Transport Securities Corporation v. Helvering, 296 U.S. 391, 56 S.Ct. 277, 80 L.Ed. 292; Pinellas Ice Co. v. Commissioner, 287 U.S. 462, 53 S.Ct. 257, 77 L. Ed. 428; Helvering v. Ward (C.C.A.) 79 F.(2d) 381.

Helvering v. Minnesota Tea.Co., 296 U. S. 378, 56 S.Ct. 269, 80 L.Ed. 284, and John A. Nelson Co. v. Helvering, 296 U.S. 374, 56 S.Ct. 273, 80 L.Ed. 281, are distinguishable. These cases dealt with mergers which came within the definition of a reorganization under clause (A) of section 112 (i) (1) of the act (26 U.S.C.A. § 112 note).

The master's report is confirmed, and an order may be entered disallowing ·the claim of the United States for income taxes for the years 1931 and 1932.