## COMMISSIONER OF INTERNAL REVENUE v. BASHFORD.

### No. 6156.

Circuit Court of Appeals, Third Circuit.

Jan. 22, 1937.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., for petitioner.

Walter G. Moyle and Ernest L. Wilkinson, both of Washington, D. C. (Earl B. Breeding, of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON and THOMPSON, Circuit Judges and MARIS, District Judge.

MARIS, District Judge.

This is a petition to review a decision of the United States Board of Tax Appeals. The facts involved are fully set forth in the opinion of the Board. They may be briefly summarized as follows:

Prior to October 7, 1930, Peerless Explosives Company, Union Explosives Company, and its wholly owned subsidiary, Black Diamond Powder Company, were corporations engaged in the manufacture and sale of high explosives in competition with Atlas Powder Company. They were also customers of Atlas. This situation was not satisfactory to Atlas, which desired to remove the possible dangerous competition and to acquire for itself the business of these competitors. Early in 1930 the president of Atlas conceived the idea of reorganizing these three companies and consolidating or merging them into a new company which would be controlled by Atlas. In order that the identity of Atlas in the transaction should not be known at the beginning of the negotiations, the business was intrusted to H. K. Seligman and W. E. Fletcher as its agents to negotiate with the stockholders of Peerless and Union. They were instructed that Atlas did not desire to purchase either the assets or stocks of Peerless, Union, or Black Diamond, but to reorganize them by the exchange of stocks, into a new company to be controlled by Atlas.

The preliminary negotiations with the majority stockholders of Peerless and Union were conducted by Atlas through its agents, Seligman and Fletcher, without disclosing its identity, until it had secured from said stockholders their oral assurances that they would exchange their stock on the plan proposed. It was made plain from the beginning, however, that a strong financial interest was represented and would participate in the plan by furnishing necessary funds.

The main features of the plan were that Peerless, Union, and Black Diamond were to be consolidated into a new company, Peerless-Union Explosives Corporation; that the stockholders of the old companies would receive for their stock in the old companies stock in the new company, stock in Atlas and some cash. Atlas on its part was to furnish the new company with sufficient cash and sufficient shares of its own common and preferred stock to complete the transaction. In return it was to receive sufficient common and preferred stock in the new company to assure its control.

On October 2, 1930, the board of directors of Atlas approved the proposed plan of reorganization and the action of its executive officers in causing the new company to be formed and authorized the purchase of all of the preferred stock and a majority of the common stock of the new company for cash and shares of its own preferred and common stock to the amount required to carry out the plan. Thereafter the majority stockholders of Peerless and Union entered into written agreements with Seligman and Fletcher to deliver their

shares of stock in Peerless and Union for cash, shares of common stock in the new company, and shares of stock in Atlas to the extent provided for in the plan. Seligman and Fletcher also secured options on practically all of the minority stockholdings in Peerless and Union, and on October 7, 1930, the transfers and exchanges were made pursuant to the agreements and plan of reorganization. The assets of the three old corporations, Peerless, Union, and Black Diamond, were transferred to the new company and the old companies were dissolved. At the consummation of the plan the new company was the owner of all the stock and practically all the assets of the old companies, and Atlas was the owner of all the preferred stock and over 57 per cent. of the common stock of the new company formed by the reorganization.

The respondent was one of the majority stockholders of Peerless. He exchanged his stock in that company for cash, stock in the new company, and stock in Atlas pursuant to the plan of reorganization. His income tax return for the year 1930 was prepared upon the theory that there had been a statutory reorganization effected between the three old companies and the new company and that Atlas was a party to the reorganization. He, therefore, reported no gain as a result of the receipt of the stock of the new company and of Atlas. The petitioner, however, took the position that Atlas was not a party to the reorganization and assessed a tax deficiency against the respondent upon the theory that the Atlas stock he received was "other property" received in a statutory reorganization within the meaning of section 112 (c) of the Revenue Act of 1928, 45 Stat. 791, 818, 26 U.S. C.A. § 112 (c) and note. Before the Board of Tax Appeals the petitioner changed his position, claiming that by none of the exchanges was a statutory reorganization effected but that the entire transaction constituted a sale and that taxable gain was realized by the respondent upon both the stock of the new company and the stock of Atlas which he received. The Board sustained the contention of the respondent, holding that there had been a statutory reorganization effected between the three old companies and the new company and that Atlas was a party thereto. The petitioner thereupon filed his petition to review the decision of the Board.

In this court the petitioner concedes that a statutory reorganization did take place between the three old companies and the new company, but strongly urges that Atlas was not a party to that reorganization. Therefore, he argues, the respondent is taxable upon the gain realized by him upon the receipt of the stock of Atlas which was delivered to him in the transaction.

Section 112 of the Revenue Act of 1928, 45 Stat. 791, 816, 818 (26 U.S.C.A. § 112 and note), provides in part as follows:

"§ 112. Recognition of gain or loss

"(a) General rule. Upon the sale or exchange of property the entire amount of the gain or loss determined under section 111, shall be recognized, except as hereinafter provided in this section.

"(b) Exchanges solely in kind— * * *

"(3) Stock for stock on reorganization. No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization. * * *

"(c) Gain from exchanges not solely in kind—(1) If an exchange would be within the provisions of subsection (b) (1), (2), (3), or (5) of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property. * * *

"(i) Definition of reorganization. As used in this section and sections 113 and 115—

"(1) The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

"(2) The term 'a party to a reorganization' includes a corporation resulting from

a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

"(j) Definition of control. As used in this section the term 'control' means the ownership of at least 80 per centum of the voting stock ·and at least 80 per centum of the total number of shares . of all other classes of stock of the corporation."

■ Since, as we have seen under the plan of· reorganization which was carried through in this case, the new company became the owner of all the assets and practically all the stock of the old companies, there was a merger or consolidation and, therefore, a reorganization within the definition contained in section 112(i) (1) (A) of the statute. The question presented to us for consideration is whether Atlas was a party to that reorganization. Considering this question, we note that the statute defines the term "party to a reorganization" to include both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation. We also observe that the reorganization in this case contemplated and involved not only the acquisition by the new company of a majority of the stock of all classes of the old companies, but also the acquisition by Atlas of a majority of · the stock of all classes of the new company itself. It therefore appears that Altas was a party to the reorganization within the literal terms of the statutory definition.

But even if this were not so, we are satisfied that Atlas was a party to the reorganization within the meaning of the statute. The definition contained in the statute is, as this court pointed out in Commissioner of Internal Revenue v. Fifth Avenue Bank of New York, 84 F.(2d) 787, 789, not· an all-inclusive one, but, as the petitioner stated in his interpretative regulations (Article 577, Regs. 74), it "simply enumerates certain cases with respect to which doubt might arise." It seems to us that this fact was overlooked by the Circuit Court of Appeals for the Seventh Circuit in Commissioner of Internal Revenue v. Groman, 86 F.(2d) 670, decided November 30, 1936. Consequently we cannot fol-

low the reasoning of that case, but are constrained to hold that one who is a party to a reorganization transaction as that language is commonly understood is a party within the meaning of the statute.

The Board in its opinion found as a fact upon sufficient evidence: "That the entire idea and plan of reorganization, was conceived by Atlas; that it was in the line of Atlas' business; and that its promotion and execution were entrusted to its agents, Seligman and Fletcher under general instructions. The plan was developed and formed by Atlas and its agents; cash and its own stock necessary to the accomplishment of the transaction were furnished by Atlas; and it became the owner of the majority of the voting stock and of all of the preferred stock of the new company. In short, Atlas was the mainspring of the entire proceeding and without its participation there would have been no reorganization and consolidation into the new company."

The administrative findings of fact of the Board based upon evidence are conclusive upon this court. Beech v. Commissioner of Internal Revenue (C.C.A.) 82 F.(2d) 42; Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289. Upon these findings we fully agree with the Board that a corporation so intimately·connected with the reorganization of the other corporations as was Atlas in this case is a party to the reorganization within the commonly understood meaning of that phrase, although not reorganized itself. Commissioner of Internal Revenue v. Fifth Avenue Bank of New York, supra. ·

The petitioner vigorously urges that a contrary conclusion is compelled by the opinion of this court in Bus & Transport S. Corp. v. Commissioner of Internal Revenue, 79 F.(2d) 509. That case is, however, clearly distinguishable on its facts and is not in any way determinative of the question here involved. As the Supreme Court said, when that case was brought before it (Bus & Transport Corp. v. Helvering, 296 U.S. 391, 56 S.Ct. 277, 80 L.Ed. 292), the transactions there involved did not "even remotely resemble either merger or reorganization, as commonly understood." In the case now before us, however, the petitioner concedes that a reorganization did take place.

The order of the Board of Tax Appeals is affirmed.