## UNION TRUST CO. OF PITTSBURGH et al. v. HEINER, Formerly Collector of Internal Revenue.

### No. 8641.

District Court, W. D. Pennsylvania.

Feb. 24, 1937.

Alter, Wright & Barron, of Pittsburgh, Pa., for plaintiff.

Chas. F. Uhl, U. S. Atty., and Orris Bennett, Asst. U. S. Atty., both of Pittsburgh, Pa., and Norman D. Keller, Sp. Asst. Atty. Gen., for defendant.

SCHOONMAKER, District Judge.

This is a suit to recover $5,025.14 additional income taxes assessed against plaintiffs for the year 1929, and paid by them February 23, 1932.

The legal question at issue is whether or not a distribution of 429.4 shares of common stock of the General American Tank Car Corporation of New York to the plaintiffs by Federal Tank Line, a Pennsylvania corporation, was a taxable distribution of stock pursuant to a plan of corporate reorganization.

The facts are these: The Federal Tank Line made an agreement with General American Tank Car Corporation, a West Virginia corporation, whereby all its assets were sold to this West Virginia corporation for $723,000, payable in common stock of the New York corporation, General American Tank Car Corporation of New York, which owns control of the West Virginia corporation. In completing this transaction, the common stock of the New York corporation, to the amount of 14,460 shares, was issued and delivered to the West Virginia corporation, which in turn deposited said stock in escrow, 8,700 shares, to be issued to the stockholders of the Federal Tank Line, and the balance thereof to be sold to liquidate the debts of the Federal Tank Line, and the overplus, if any, to be distributed to its stockholders.

Under these facts, we hold that the transaction did not constitute a reorganization, as defined by the applicable statute, i. e., section 112 (i) of the Revenue Act of 1928, c. 852, 45 Stat. 791, 816 (26 U.S. C.A. § 112 note), which reads as follows: "The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected."

Had the West Virginia corporation given its own stock for the property of the Pennsylvania corporation, there would have been a reorganization under the authority of Helvering v. Minnesota Tea Co., 296 U.S. 378, 56 S.Ct. 269, 80 L.Ed. 284. But, as the West Virginia corporation gave, not its own stock but that of a New York corporation, there was no reorganization, even though the New York corporation wholly controlled the West Virginia corporation. Bus & Transport Securities Corporation v. Helvering, 296 U.S. 391, 56 S. Ct. 277, 80 L.Ed. 292.

The cases of Nelson Co. v. Helvering, 296 U.S. 374, 56 S.Ct. 273, 80 L.Ed. 281; Commissioner v. Fifth Avenue Bank (C. C.A.) 84 F.(2d) 787; Commissioner v. Bashford, 87 F.(2d) 827 (C.C.A.3d Cir.) Jan. 22, 1937, cited by plaintiff, are not in point, because the seller there acquired stock in the purchasing corporation.

We must sustain the affidavit of defense raising questions of law, and hold the plaintiff cannot recover.

An order may be submitted accordingly.