Robert P. WENDLAND, Donna C. Wendland, Irwin M. Adler, Helene E. Adler, Brent W. Trump, Cheryl A. Trump, Ronald Glassman, Lenora Rae Glassman, Stephen L. Nemerofsky, Nina B. Nemerofsky, Gerald L. Gunderson, Judith C. Gunderson, Sherwin Ross, Marlynn Ross, Roman M. Wenzel, Emily A. Wenzel, Wilbur F. Helmus, Jr., and Patricia Helmus, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 83-5443.

United States Court of Appeals, Eleventh Circuit.

Aug. 21, 1984.

Bernstein, Bernstein, Bernstein, Stein & Rush, Zayle A. Bernstein, Fort Lauderdale, Fla., for petitioners-appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief Appellate Sec., Gary R. Allen, Kristina E. Harrigan, Dept. of Justice, Tax Div., Washington, D.C., for respondent-appellee.

Before HENDERSON and CLARK, Circuit Judges, and ATKINS [*], District Judge.

PER CURIAM:

Appellants are limited partners in Tennessee Coal Resources, Ltd. (TCR), a partnership formed on December 30, 1976. On December 31, 1976, TCR acquired a coal mining lease. Characterizing the entire cost of acquisition as an advanced royalty, TCR claimed a deduction of $3,000,000 on its 1976 return, part of which was passed through to appellants. Because no coal was mined in 1976, the Commissioner disallowed the deduction. The Commissioner based its decision on a 1977 amendment to Treas.Reg. § 1.612–3(b)(3) which provided, as here relevant, that advanced royalties are deducted from gross income in the year the mineral is produced. T.D. 7523, 1978–1 C.B. 192.

Appellants filed a petition in the United States Tax Court seeking redetermination of deficiencies. The tax court consolidated appellants' case with those of other TCR partners and sustained the Commissioner's determination of deficiencies. *Wendland v. Commissioner*, 79 T.C. 355 (1983). That decision was appealed to both the Ninth and Eleventh Circuits, on the ground that retroactive application of the Treasury regulation relied upon by the Commissioner to a coal mining lease acquired on December

31, 1976 was inappropriate. In *Redhouse v. Commissioner*, 728 F.2d 1249 (9th Cir. 1984), an appeal by a California resident who was also a limited partner in TCR, the Ninth Circuit found such retroactive application permissible and therefore affirmed the decision of the tax court. The instant appeal was brought by the remaining limited partners, all of whom are Florida residents.

We begin by observing that even though the instant appeal involves the same partnership and the same transaction as that involved in the appeal to the Ninth Circuit, appellants are not collaterally estopped from litigating the same issue litigated in the Ninth Circuit. *See Divine v. Commissioner*, 500 F.2d 1041, 1045 (2d Cir.1974). Nevertheless, we agree with the Ninth Circuit's reasoning and, therefore, also conclude that an affirmance of the tax court's decision is appropriate.

Under § 7805(b) of the Internal Revenue Code, the Secretary of the Treasury is given the discretion to limit retroactive application of Treasury rulings or regulations. The decision to make a ruling or regulation retroactive will stand unless it constitutes an abuse of discretion. *Automobile Club of Mich. v. Commissioner*, 353 U.S. 180, 184, 77 S.Ct. 707, 710, 1 L.Ed.2d 746 (1957). No abuse of discretion occurred in this case. First, taxpayers had notice of the impending amendment. An October 29 news release announced the suspension of Rev.Rul. 70–20, 1970–1 C.B. 144, upon which taxpayers relied for deduction of advanced royalties. News Release IR–1687, Oct. 29, 1976. A copy of the proposed regulation was attached to the release. The proposed regulation was published in the Federal Register on November 2, and published in its final version on December 19, 1976. On that same December day, the IRS issued Rev.Rul. 77–489,

---

[*] Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

1977–2 C.B. 177, revoking Rev.Ruls. 70–20, *supra,* and 74–214, 1974–1 C.B. 148, both of which indicated that lump-sum royalties were deductible when paid or accrued. Second, as the Ninth Circuit explains in some detail, the 1977 amendment did not change settled law. *Redhouse, supra,* 728 F.2d at 1251–52. Thus, taxpayers knowingly engaged in a questionable transaction, the legitimacy of which depended upon suspended rulings and the invalidation of proposed regulations. Under such circumstances, the Commissioner cannot be said to have abused his discretion in giving the amendment retroactive effect.

Appellants' citation of *Elkins v. Commissioner,* 81 T.C. 669 (1983), in support of their contention that disallowance of the advanced royalty payments deduction in this case will spawn unequal treatment among taxpayers is meritless. The proposed amendments to § 1.612–3(b)(3) were announced on October 29, 1976. The announcement plainly stated that the new regulation would not apply retroactively to advanced royalties under a mineral lease which was "binding" prior to October 29, 1976. As explained by the *Elkins* court, the partnership in *Elkins* "was formed and became obligated to pay the advanced royalties prior to [October 29, 1976]." The instant case, however, "did not involve an investor in a partnership which had been formed and had become obligated to pay advanced royalties before October 29, 1976, the effective date of the new regulation." 81 T.C. at 680 (footnote omitted). Thus, the facts with respect to the timing of the obligation to pay advanced royalties and the consequent right to pass through such payment to the partners clearly distinguish *Elkins* from the instant case and warrant different treatment for those taxpayers.

Since we agree with the analysis and reasoning in the opinion of the Ninth Circuit in *Redhouse, supra,* we see no benefit in our writing further. Accordingly, the decision of the tax court is

AFFIRMED.