JIMMIE J. WARD and BONNIE M. WARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Ward v. Commissioner
Docket No. 10296-81.
United States Tax Court
T.C. Memo 1984-570; 1984 Tax Ct. Memo LEXIS 104; 48 T.C.M. (CCH) 1479; T.C.M. (RIA) 84570; October 24, 1984. John Patrick Kelly, for the petitioners. John O. Kent, for the respondent. RAUM MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a $7,680 deficiency in petitioners' 1977 income tax. At issue is the deductibility of $22,500 as "royalties" on Schedule C of their 1977 return. The case was presented on the basis of a stipulation of facts and the Commissioner's unopposed Request for Admissions. Petitioners, husband and wife, resided in Las Vegas, Nevada, when they filed their petition herein as well as when they filed their 1977 return. On their return his occupation is described as "Title Officer" and hers as "Secretary". The case grows out of the involvement of the husband (petitioner) in what is obviously a so-called tax shelter, whereby he entered into a "Mining *105 Lease" with Wyoming & Western Coal Reserves, Inc. (lessor), on December 21, 1977. An "Addendum to Mining Lease" was executed simultaneously by the same parties on December 21, 1977. Pursuant to the Addendum, the lessee was given the option of paying the $22,500 royalty specified in the lease either by cash or a non-recourse note.In addition, petitioner simultaneously entered into a "Contract for the Sale of Coal" with a corporation identified as "Coal and Minerals Leasing and Development Corporation", and gave a non-recourse note to that corporation in conjunction with funds purportedly made available to him by a check which he then turned over to the president to the lessor acting on behalf of the latter. No coal was mined or produced under the foregoing lease during 1977 or 1978. The involved factual pattern in this case is substantially identical with that in Walls v. Commissioner,T.C. Memo. 1983-504, 46 T.C.M. 1158, 52 P-H Memo T.C. par. 83,504 (1983). In Walls the taxpayer entered into similar arrangements in December 1977 with Wyoming and Western Coal Reserves, Inc., and with Coal and Minerals Leasing and Development Corporation. Both cases *106 present the identical issue. The amounts involved are different and there is variation in some detail, but, to the extent relevant, all factual materials are substantially the same. We held in Walls that the deduction claimed as "advanced mineral royalties" were not allowable under the amended provisions of section 1.612-3(b)(3), Income Tax Regs. We sustained the validity of those provisions in reliance upon Wing v. Commissioner,81 T.C. 17 (1983), and Wendland v. Commissioner,79 T.C. 355 (1982). The same result is called for here. Petitioners make an aggressive attack upon those regulations. They recognize that one of the taxpayers, whose case was consolidated with that of the principal petitioner in Wendland, appealed to the Ninth Circuit, which affirmed out decision subnom.Redhouse v. Commissioner,729 F. 2d 1249 (9th Cir. 1984), but they point out that the principal petitioner (Wendland) had appealed to the Eleventh Circuit, and they apparently hope for a different result in that circuit. However, the Eleventh Circuit has also affirmed our decision. Wendland v. Commissioner,739 F. 2d 580 (11th Cir. 1984). *107 We follow those cases here, and, according to our practice as set forth in Golsen v. Commissioner,54 T.C. 742, 756-758 (1970), affd. 445 F. 2d 985 (10th Cir. 1971), we are in any event bound by the decision of the Ninth Circuit to which the instant case is appealable. This Court has recently reached the same result without the compulsion of Golsen in Thompson v. Commissioner,T.C. Memo. 1984-337, 48 T.C.M. 412, 53 P-H Memo. T.C. par. 84,337 (1984), -- a case which also presented a substantially identical situation involving Ohio taxpayers and royalties "paid" to Wyoming & Western Coal Reserves, Inc. Cf. also Gauntt v. Commissioner,82 T.C. 96 (1984); Burford v. Commissioner,T.C. Memo. 1984-466, 48 T.C.M. 1001, 53 P-H Memo T.C. par. 466 (1984); Tallal v. Commissioner,T.C. Memo 1984-486, 48 T.C.M. 1082, 53 P-H Memo T.C. par. 486 (1984). We refuse to reexamine the matter. [1]
*108 Decision will be entered for the respondent.
Footnotes
1. In addition to the $22,500 royalty decuction, petitioners claimed a $46 deduction on their Schedule C as "auto expense". Although the disallowance of this item was also claimed as error in the petition filed herein, petitioners have presented no evidence in respect thereof, nor have they argued it on brief. We assume that they have abandoned the point. In any event, they certainly have not carried their burden of proof as to this item.↩