PERCY T. W. LUI and MARJORIE LUI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lui v. Commissioner
Docket No. 17057-83.
United States Tax Court
T.C. Memo 1985-374; 1985 Tax Ct. Memo LEXIS 249; 50 T.C.M. (CCH) 536; T.C.M. (RIA) 85374; July 29, 1985. John Patrick Kelly, for the petitioners. Michael C. Cohen, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $25,529 in petitioners' Federal income taxes for 1977. *250 The deficiency resulted from disallowance of deductions relating to a purported coal mining venture. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation in incorporated herein by this reference. Petitioners were residents of Redlands, California, at the time they filed their petition herein.They filed a joint individual income tax return for 1977 with the Internal Revenue Service Center in Fresno, California. On or about December 31, 1977, petitioner Percy T.W. Lui (petitioner) entered into a series of agreements relating to the so-called Moniteau Coal Venture. Prior to execution of the agreements but in relation to his investment in the venture, petitioner paid $12,000 by check. The agreements were executed on his behalf by the venture administrator as attorney-in-fact. Petitioner's interest in the venture was reflected in a sublease, with petitioner as sublessee, relating to "an undivided interest in the coal deposits and the mining rights and privileges appurtenant thereto in the Property (hereinafter defined and described)." Attached to the sublease (as Exhibit 1) were the legal descriptions of four parcels of property. Each of the parcels was *251 described in terms excepting coal and mining rights. The legal descriptions of two of the parcels referred to conveyances of coal and mining rights to others in 1904. The sublease provided for a "minimum annual royalty" of $4,500.07. The royalties for the first 10 years, however, were to be paid upon execution of the sublease by check in the amount of $8,228.77 and a nonrecourse promissory note for $36,771.93. The promissory note was secured by the participant's interest under the sublease and payable only out of proceeds of production of coal from the properties. On their 1977 tax return, petitioners claimed deductions of $48,247 in relation to the Moniteau Coal Venture, comprised of $45,000.70 advance royalties and $3,246.67 in miscellaneous expenses. In December 1978, petitioners received a purported accounting from the coal venture and a check dated December 26, 1978, in the amount of $1,097.16. OPINION Petitioners have the burden of proving that they are entitled to the deductions that they claim. Welch v. Helvering,290 U.S. 111 (1933); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a), Tax Court Rules of Practice *252 and Procedure. During trial of this case, they presented only the self-serving testimony of petitioner that he made the investment with the intention of making a profit and some hearsay accountings received from the administrator of the venture. They presented no evidence that payments were made by the venture to third parties for the items deducted on their return or for any other purpose.Thus they totally failed to satisfy their burden of proof. There was no evidence in this case that any coal was produced or sold during 1977 (or, for that matter, at any time).Because the transaction was reflected in documents dated December 31 of that year, we assume that none was sold or produced during that year for the account of petitioner. From the face of the documents, it appears that any production of coal would have been subject to claims of the persons to whom rights to coal had been granted in prior conveyances! Although certain provisions of the agreement were labeled "minimum annual royalty," the label was refuted by the terms of payment, i.e., 10 years advance payment, primarily in the form of a promissory note payable only out of coal production. See, e.g., Wing v. Commissioner,81 T.C. 17, 38-42 (1983); *253 Vastola v. Commissioner,84 T.C. 969 (1985); Maddrix v. Commissioner,83 T.C. 613, 622-623 (1984). Thus the deduction of advanced royalties is precluded by section 1.612-3(b)(3), Income Tax Regs., revised in 1977 to provide as follows: (3) The payor shall treat the advanced royalties paid or accrued in connection with mineral property as deductions from gross income for the year the mineral product, in respect of which the advanced royalties were paid or accrued, is sold. For purposes of the preceding sentence, in the case of mineral sold before production the mineral product is considered to be sold when the mineral is produced (i.e., when a mineral product first exists). However, in the case of advanced mineral royalties paid or accrued in connection with mineral property as a result of a minimum royalty provision, the payor, at his option, may instead treat the advanced royalties as deductions from gross income for the year in which the advanced royalties are paid or accrued. See section 446 (relating to general rule for methods of accounting) and the regulations thereunder. For purposes of this paragraph, a minimum royalty provision requires *254 that a substantially uniform amount of royalties be paid at least annually either over the life of the lease or for a period of at least 20 years, in the absence of mineral production requiring payment of aggregate royalties in a greater amount. For purposes of the preceding sentence, in the case of a lease which is subject to renewal or extension, the period for which it can be renewed or extended shall be treated as part of the term of the original lease. * * * Petitioners' failure of proof extends also to the issue of whether the claimed loss is precluded by the absence of a profit objective. Petitioner testified that he was a medical doctor and relied on the program administrator to see that necessary steps were taken. No evidence was presented, however, that any steps were taken or that steps actually taken were reasonably related to an actual and honest profit objective. See section 183, I.R.C. 1954, as amended; section 1.183-2, Income Tax Regs.; Surloff v. Commissioner,81 T.C. 210, 232-239 (1983). Petitioners' counsel requested and was granted time to file a brief. The brief totally failed to discuss the evidence presented at trial, particularly the *255 peculiarity that the legal descriptions of the property from which coal was purportedly to be produced excluded rights to coal. Thirty-eight pages of brief merely argued the applicability and validity of section 1.612-3(b)(3), Income Tax Regs. The very same arguments have repeatedly been rejected. See, e.g., Redhouse v. Commissioner,728 F.2d 1249 (9th Cir. 1984), affg. Wendland v. Commissioner,79 T.C. 355 (1982); [1]Oneal v. Commissioner, 84 T.C.     (June 4, 1985); Vastola v. Commissioner,supra;Wing v. Commissioner,supra;Maddrix v. Commissioner,supra.
We take judicial notice that this brief was substantially similar to the briefs filed by the same counsel in numerous other cases in which his arguments were rejected, e.g., four cases in which opinions were filed July 15, 1985, Nichols v. Commissioner,T.C. Memo. 1985-338; Rosebrough v. Commissioner,T.C. Memo. 1985-339; King v. Commissioner,T.C. Memo. 1985-340; *256 Kaji v. Commissioner,T.C. Memo. 1985-341. Moreover, in those cases the Court followed Oneal v. Commissioner,supra, and awarded damages of $5,000 under section 6673, I.R.C. 1954, as amended, on the grounds that the taxpayers' positions were frivolous and groundless and the proceedings were instituted and maintained primarily for delay. We have decided not to award damages in this case. In future cases, however, taxpayers and their counsel are on notice of the likelihood of such damages, and we may not hesitate to award them. Decision will be entered for the respondent.
Footnotes
1. See also Wendland v. Commissioner,739 F.2d 580 (11th Cir. 1984), affg. 79 T.C. 355↩ (1982).