T.C. Memo. 1996-72


UNITED STATES TAX COURT


MESERVE DRILLING PARTNERS, REGIONAL RESOURCES, INC., F.K.A. R & R
ENERGY, INC., TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

COLUMBIA ENERGY FUND 1982, REGIONAL RESOURCES, INC., F.K.A. R & R
ENERGY, INC., TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 19262-86, 19904-86.     Filed February 21, 1996.


Robert B. Martin, Jr., for petitioner.


Jack H. Klinghoffer, for respondent.


MEMORANDUM OPINION

DAWSON, Judge: These cases were assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b)(4) of the Code and Rules 180, 181, and 183.[1] The Court agrees with and

---

[1] All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

NAMEROFF, Special Trial Judge: These cases are before us on motion by petitioner to dismiss for lack of jurisdiction on the ground that the Final Partnership Administrative Adjustments (FPAA) are invalid. Petitioner herein is the Tax Matters Partner (TMP) of two partnerships, Meserve Drilling Partners and Columbia Energy Fund 1982. The principal place of business of each partnership when the petitions for readjustment of partnership items were filed was in Newport Beach, California.

These two cases were part of a group consisting of 14 cases that were consolidated for purposes of trial, briefing, and opinion in Osterhout v. Commissioner, T.C. Memo. 1993-251, affd. in part, revd. in part without published opinion sub nom. Balboa Energy Fund 1981 v. Commissioner, ____ F.3d ___ (9th Cir., Jan. 19, 1996). According to that opinion, decisions were to be entered under Rule 155. In each of the two cases now before us, respondent filed a computation under Rule 155, and petitioner thereafter filed a motion to dismiss, together with a statement that petitioner had no objection to entry of decision pursuant to respondent's computation if the Court denied the motion to dismiss.

On March 18, 1986, respondent issued FPAA's in which she determined adjustments to partnership items as follows:

                    MESERVE DRILLING PARTNERS
          Year          Adjustment to Ordinary Income
          1982              $1,228,560
          1983                 171,721


                    COLUMBIA ENERGY FUND 1982
          Year          Adjustment to Ordinary Income
          1982              $3,176,180
          1983                1,059,673

In the motions to dismiss, petitioner claims that the FPAA's are invalid because they did not make determinations as to "partnership items" on the dates they were issued and therefore cannot confer jurisdiction on this Court. According to petitioner's argument, the regulations defining "partnership items" were adopted on April 15, 1986, whereas the FPAA's were mailed on March 18, 1986. Thus, petitioner argues that because no regulations existed when the FPAA's were mailed, pursuant to section 6231(a)(4), all items are "nonpartnership items". In addition, petitioner argues that the regulation defining "partnership items" should not be used to retroactively confer jurisdiction on this Court. Respondent asserts that the FPAA validly confers jurisdiction on the Court and that jurisdiction can be conferred by the retroactive application of the regulation defining "partnership items".

## Discussion

The question of jurisdiction is a fundamental question that can be raised at any time by either party or by the Court.

Naftel v. Commissioner, 85 T.C. 527, 530 (1985); Estate of Young v. Commissioner, 81 T.C. 879, 880-881 (1983). Moreover, we have jurisdiction to determine whether we have jurisdiction. Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Kluger v. Commissioner, 83 T.C. 309, 314 (1984).

In a partnership action for readjustment of partnership items, this Court has jurisdiction when the Commissioner has mailed a valid FPAA and the tax matters partner or other eligible partner has timely filed a petition with the Court seeking a readjustment of partnership items. Sec. 6226; Rule 240(c). If the FPAA is not valid, we lack subject matter jurisdiction. Clovis I v. Commissioner, 88 T.C. 980 (1987); Maxwell v. Commissioner, 87 T.C. 783, 788-789 (1986). At a minimum, the FPAA must give notice to the taxpayer that the Commissioner has finally determined adjustments to the partnership return. Chomp Associates v. Commissioner, 91 T.C. 1069, 1073-1074 (1988); Clovis I v. Commissioner, supra at 982.

Petitioner's argument as to jurisdiction turns on section 301.6231(a)(3)-1(a), Proced. & Admin. Regs, which defines "partnership items". The unified audit and litigation procedures applicable to partnership items, which are found in sections 6221-6233, were enacted as part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 401(a), 96 Stat. 648, and are effective for partnership taxable years commencing after September 3, 1982. The TEFRA partnership

provisions were enacted partly in response to the administrative problems experienced by the Internal Revenue Service in auditing returns of partnerships, particularly tax shelter partnerships with numerous partners.  Staff of Joint Comm. on Taxation, General Explanation of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act of 1982, at 268 (J. Comm. Print 1982).  As we stated in an earlier case interpreting the TEFRA partnership provisions:

> By enacting the partnership and audit litigation procedures, Congress provided a method for uniformly adjusting items of partnership income, loss, deduction, or credit that affect each partner.  Congress decided that no longer would a partner's tax liability be determined uniquely but "the tax treatment of any partnership item [would] be determined at the partnership level."  Sec. 6221.  [Maxwell v. Commissioner, 87 T.C. 783, 787 (1986); alteration in original.]

Section 6221 provides that the tax treatment of partnership items shall be determined at the partnership level, except as otherwise provided in subchapter C of chapter 63 of the Code.  Section 6231(a)(3) provides that a "partnership item" means any item required to be taken into account for the partnership's taxable year under any provision of subtitle A of the Code to the extent prescribed by the regulations as an item that "is more appropriately determined at the partnership level than at the partner level."  Section 6231(a)(4) defines "nonpartnership items" as those items that are not partnership items.

The regulations defining "partnership items" were first proposed in the Federal Register on January 14, 1983. The proposed regulations gave public notice of the Treasury's intent to make the regulations effective with respect to partnership years beginning after September 3, 1982, the date TEFRA was enacted. Sec. 1.6231(c), Proposed Proced. & Admin. Regs., 48 Fed. Reg. 1760 (Jan. 14, 1983). The proposed regulations enumerated items of income, loss, deduction, or credit to be treated as more appropriately determined at the partnership level than at the partner level, and, therefore, as partnership items. Id. The regulations became final, without substantial change, on April 15, 1986. 51 Fed. Reg. 13212 (Apr. 18, 1986). Section 301.6231(a)(3)-1(d), Proced. & Admin. Regs., states: "This section shall apply with respect to partnership taxable years beginning after September 3, 1982." These regulations were issued pursuant to the authority of sections 7805(b), 6230(k), and 6231(a)(3).

Section 7805(b) provides:

> SEC. 7805(b). RETROACTIVITY OF REGULATIONS OR
> RULINGS.--The Secretary may prescribe the extent, if
> any, to which any ruling or regulation, relating to the
> internal revenue laws, shall be applied without
> retroactive effect.

The Code thus contemplates that a regulation is to operate retroactively except to the extent that the Commissioner provides that it shall be applied without retroactive effect. Butka v.

<u>Commissioner</u>, 91 T.C. 110, 128 (1988), affd. without published opinion 886 F.2d 442 (D.C. Cir. 1989).

In the cases before the Court, the Commissioner exercised her discretion by providing that the regulations defining "partnership items" would be effective for partnership taxable years ending after September 3, 1982, coinciding with the effective date of TEFRA.

In general, the retroactive application of an income tax regulation has been reviewed for abuse of discretion. <u>Automobile Club of Michigan v. Commissioner</u>, 353 U.S. 180, 184 (1957); <u>Wendland v. Commissioner</u>, 739 F.2d 580, 581 (11th Cir. 1984), affg. 79 T.C. 355 (1982); <u>Redhouse v. Commissioner</u>, 728 F.2d 1249, 1251 (9th Cir. 1984), affg. <u>Wendland v. Commissioner</u>, 79 T.C. 355 (1982). However, we do not find that the Treasury committed an abuse of discretion with respect to the effective date of the regulations in question here.

Petitioner's reliance on <u>Eastern States Casualty Agency v. Commissioner</u>, 96 T.C. 773 (1991), is misplaced. In that case the Commissioner issued a final S corporation administrative adjustment (FSAA) to the tax matters person of Eastern States for the taxable year 1984. Eastern States had only 4 shareholders and contended that the FSAA procedure did not apply because the Commissioner had issued section 301.6241-1T(c)(2)(i), Temporary Proced. & Admin Regs., 52 Fed. Reg. 3003 (January 30, 1987), which provided that a corporation with five or fewer shareholders

was not subject to the FSAA procedure. However, we noted that the temporary regulation by its terms was applicable to a taxable year of an S corporation only if the due date of the corporation's return for that year was on or after January 30, 1987. Eastern States Casualty Agency v. Commissioner, supra at 775. By contrast, the regulations in issue here are by their terms effective for partnership taxable years ending after September 3, 1982.

We reject petitioner's argument that the regulations should not be applied here. The legislative history of TEFRA clearly indicates Congress' intent generally to treat a partnership's items of income, loss, deduction, and credit as "partnership items" for purposes of the unified audit and litigation procedures. See H. Conf. Rept. 97-760, at 600, 604 (1982), 1982-2 C.B. 600, 662. Further, the issuance of the proposed regulations in January of 1983, only a few months after the enactment of TEFRA, provided guidance as to which items fell within the definition of "partnership items" and put the public on notice that the regulations would be applied to partnership years beginning after the date of TEFRA's enactment. The proposed regulations gave petitioners "warning of things to come". United States v. Fenix & Scisson, Inc., 360 F.2d 260, 267 (10th Cir. 1966). Accepting petitioner's contentions would lead to the absurd result that the TEFRA provisions would have little

or no effect until April 15, 1986, notwithstanding Congress' clear mandate to the contrary.

Because the regulations apply here, there is no need to address the remainder of petitioner's argument.  Accordingly, the motions to dismiss for lack of jurisdiction will be denied.

<u>Appropriate orders will be</u>
<u>issued denying petitioner's motions</u>
<u>to dismiss for lack of jurisdiction, and</u>
<u>decisions will be entered in accordance</u>
<u>with respondent's Rule 155 computations</u>.